**WESLEY–JESSEN CORPORATION,**
**Plaintiff,**

v.

**PILKINGTON VISIONCARE, INC.**
**and Pilkington Barnes–Hind**
**Ltd., Defendants.**

**Civ. A. No. 93–268–RRM.**

United States District Court,
D. Delaware.

Jan. 21, 1994.

Robert K. Payson, William J. Marsden, Jr., Potter Anderson & Corroon, Wilmington, DE, and John O. Tramontine, Douglas J. Gilbert, and Donald K. Reedy, Fish & Neave, New York City, for plaintiff.

Robert W. Whetzel, Frederick L. Cottrell, III, Richards, Layton & Finger, Wilmington,

DE, and M. Scott Donahey, David N. Schachter, and James M. Smith, Holtzmann, Wise & Shepard, Palo Alto, CA, for defendants.

## MEMORANDUM OPINION

McKELVIE, District Judge.

In this patent case, Wesley–Jessen Corporation alleges Pilkington Visioncare, Inc. and Pilkington Barnes–Hind, Ltd. are infringing three of its patents for colored contact lenses and methods for making those lenses. The defendants deny that they are infringing the patents, and allege as affirmative defenses that the patents are invalid and unenforceable. The plaintiff filed the complaint on June 8, 1993. The Court has set February 24, 1994, as a deadline for the completion of discovery and has scheduled the case for a two week jury trial beginning on Monday, June 6, 1994.

This is the Court's decision on a dispute between the parties on the adequacy of interrogatory answers. Visioncare has moved for an order compelling the plaintiff to provide more complete responses to a number of interrogatories that seek information on the nature of and basis for the plaintiff's contentions. For example, Visioncare has moved to compel more complete responses to interrogatories 1 and 2. They read:

*Interrogatory No. 1*

In Paragraph 8 of the complaint, you allege that Defendants infringe or have infringed U.S. Patent No. 4,582,402 by using, selling or causing to be used or sold, "contact lenses which embody the inventions of claim 2 of the U.S. Patent No. 4,582,402...." With respect to that portion of claim 1 of U.S. Patent No. 4,582,-402, which is incorporated by reference into claim 2 of the U.S. Patent 4,582,402, which claims "a colored, opaque, intermittent pattern deposited on a surface over said entire iris section," do you contend that Defendants' allegedly infringing contact lenses contain or embody a colored, opaque, intermittent pattern deposited on a surface over the entire iris section?

*Response to Interrogatory No. 1*

Yes.

*Interrogatory No. 2*

If your answer to the preceding interrogatory is anything other than an unequivocal negative, please set forth the following information:

a. State specifically each fact which supports or tends to support your contention;

b. Identify each document that evidences the existence of such fact; and

c. Identify each person whom you know or believe to have personal knowledge of such fact.

*Response to Interrogatory No. 2*

(a) Wesley–Jessen objects to this interrogatory as premature in that Wesley–Jessen's identification of facts which support this contention cannot be completed until defendants produce all documents responsive to Wesley–Jessen's document requests and until Wesley–Jessen deposes defendants' employees and agents regarding the technical aspects of the infringing lenses. Nevertheless, subject to this and its General Objections, Wesley–Jessen states that such facts include, without limitation, the following:

Defendants' infringing contact lenses are known as ELEGANCE and NATURAL TOUCH lenses. Both the ELEGANCE and NATURAL TOUCH lenses are soft ("Hydrophilic") corneal contact lenses with a transparent pupil section, an iris section surrounding the pupil section, and a transparent peripheral section surrounding the iris section. Both lenses have a colored, intermittent pattern over the entire iris section of the lens that leaves a substantial portion within the interstices of said pattern uncolored, said pattern covering at least 30 percent of the surface of the iris section. The lens is capable of changing the apparent color of the wearer's iris. The colored, intermittent pattern of the ELEGANCE and NATURAL TOUCH lenses is deposited on a surface of the contact lens. The pattern permits visualization of the structure of the iris of a person wearing the lens, and the elements of the pattern are undiscernible to the ordinary viewer, as those terms and phras-

es are defined in the patents-in-suit and the prosecution histories of the patents-in-suit.

(b) Wesley–Jessen objects to this interrogatory to the extent it calls for documents that do not exist—e.g., all observations of defendants' infringing lenses are not evidenced by documents. In addition, Wesley–Jessen objects to this interrogatory to the extent that it calls for the identification of documents not yet produced by defendants. To the extent documents which evidence the existence of the facts set forth above are in the possession, custody or control of Wesley–Jessen, Wesley–Jessen will respond to this interrogatory pursuant to Rule 33(c), F.R.Civ.P. by producing documents from which the answer to this interrogatory can be derived. Wesley–Jessen further objects to this interrogatory to the extent it calls for identification of documents subject to the attorney-client privilege or work product immunity. Wesley–Jessen will identify those documents on an appropriate withheld document list at an agreed upon time.

Nevertheless, subject to these and its General Objections, Wesley–Jessen responds to this interrogatory as follows: Documents which evidence the existence of the facts set forth above include, without limitation, the package insert for the NATURAL TOUCH lens, the labels for the ELEGANCE and NATURAL TOUCH lenses, and documents containing admissions of Visioncare which were submitted to the U.S. Patent and Trademark Office.

(c) Wesley–Jessen objects to this interrogatory because most of the individuals with personal knowledge of the above facts are agents or employees of Visioncare and/or Barnes–Hind. Because defendants have not completed their production of documents, and because there has been no deposition testimony on the merits from any of those individuals, Wesley–Jessen cannot now identify those individuals. Wesley–Jessen further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product immunity.

Nevertheless, subject to these and its General Objections, Wesley–Jessen responds to this interrogatory as follows: Individuals believed to have personal knowledge of the above facts include, without limitation, John Evans and Ashok Thakrar of Pilkington Visioncare, Inc.

In interrogatories 3, 4, 5, 6, 7, and 8, Visioncare sought similar information with regard to other language in claim 1 of the '402 patent, and Wesley–Jessen provided similar replies by responding: "yes" and "See Wesley–Jessen's Response to Interrogatory No. 2." Wesley–Jessen also provided the same type of response to a series of interrogatories directed to the language in claims 17 and 18 of a second patent at issue, U.S. Patent No. 4,720,188.

Visioncare served the interrogatories on November 4, 1993, and Wesley–Jessen served its answers on December 6th. Visioncare filed its motion to compel on December 29th and presented it on January 7th. Visioncare argues that Wesley–Jessen's answers are vague and unresponsive, and that they fail to identify with particularity the documents and witnesses Wesley–Jessen relies on in support of the claims in its complaint. Counsel argues Visioncare needs this information to complete discovery and prepare for trial.

Wesley–Jessen's counsel respond that they had done the best they could, but that most of the facts Wesley–Jessen would rely on are in the possession of Visioncare, and that their ability to respond has been hampered by Visioncare's failure to properly respond to Wesley–Jessen's discovery requests. Copies of Wesley–Jessen's Responses to Pilkington Visioncare, Inc.'s First Set of Interrogatories and counsels' correspondence relating to them are at Docket Item 109.

This type of discovery dance occurs fairly frequently in patent cases, as counsel work to maneuver the case from complaint through discovery to settlement or trial. To a judge, it can look like a mild stonewall, a ploy to force the opposing party to be the first to disclose the basis for its contentions, or an invitation to settle a case before the costs get out of control. With the passage of the Civil Justice Reform Act and the implementation

of early trial dates, the tempo of the dance is becoming a little faster. As a consequence, counsel take on an increased risk in accepting a non-responsive discovery response, whether it is a failure to answer contention interrogatories, a refusal to identify expert opinions to be offered at trial, or a delay in making available confidential commercial information.

In this case, Wesley–Jessen has not asked the Court to enter an order under Federal Rule of Civil Procedure 33(c) deferring the time for it to respond to these contention interrogatories. As is frequently the case in patent disputes, counsel apparently agree contention interrogatories are useful tools to prepare for trial. Further, Visioncare's interrogatories do not appear to be objectionable as burdensome or as an effort to chain the plaintiff to a misconceived theory that would frustrate a determination of the dispute on the merits. *See* The Advisory Committee Notes to the 1970 Amendment to Rule 33, 48 F.R.D. 523, 524. *See generally,* 8 Wright and Miller, Federal Practice and Procedure, § 2167.

With a discovery cut off date of February 24th, Visioncare is left with little time to complete its discovery. Consequently, Visioncare's motion raises the question of what relief, if any, the Court can grant to ensure that Visioncare has an adequate opportunity to obtain discovery on the factual basis for Wesley–Jessen's contentions.

In this context, the Court will resolve the dispute as follows. Within five business days from the date of this order, Wesley–Jessen may supplement its responses to these interrogatories. Thereafter, Visioncare can expect that the Court will look to Wesley–Jessen's responses as setting out its position on the subject matter covered by the interrogatories. Where an interrogatory seeks a disclosure of each fact supporting a contention, and an identification of each document evidencing that fact and each person with knowledge of that fact, the Court will look to Wesley–Jessen's response as identifying the facts, documents and witnesses it may rely on at trial as containing or offering evidence supporting that contention, and Wesley–Jessen should expect that the Court will not

allow it to offer into evidence in its case in chief documents or testimony supporting that contention that are not disclosed in its response.

The Court will enter an Order in accordance with this Memorandum Opinion.